UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH L. CRAFT, DANIEL J. SMITH, RANDY L. HOWARD, KEVIN J. HOWARD, and JEREMY L. CHAMBERS, on behalf of themselves and on behalf of all other employees similarly situated, Plaintiffs, | ) ) ) ) ) ) ) | |
| vs. | ) ) | 1:08:cv-00627-RLY-JMS |
| RAY'S, LLC and DONALD MATTHEWS, Defendant. | ) ) ) | |

# ENTRY ON PLAINTIFFS' MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS AND CONDITIONAL CERTIFICATION AND DEFENDANTS' MOTION FOR ORAL ARGUMENT

Plaintiffs, Joseph L. Craft, Daniel J. Smith, Randy L. Howard, Kevin J. Howard, and Jeremy L. Chambers (collectively, "Plaintiffs"), filed the instant lawsuit against Ray's, LLC ("Ray's") and Donald Matthews ("Matthews") (collectively, "Defendants") for alleged overtime violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Indiana law.  Plaintiffs now seek conditional certification of a collective action under the FLSA and approval to send court-supervised notices and consent forms to prospective members of the collective action so that they may have an opportunity to opt-in to the case.  Plaintiffs also seek an order requiring Defendants to disclose the names, home addresses, home telephone numbers, social security numbers, and dates of birth of the prospective members.  Defendants oppose Plaintiffs' motions and request that

1

the court hear oral argument.

The court, having read and reviewed the parties' submissions and the applicable law, now **GRANTS** Plaintiffs' Motion for Conditional Certification and **GRANTS IN PART** Plaintiffs' request for disclosure of the personal information of the prospective members.  The court **DENIES** Defendants' Motion for Oral Argument.  However, Defendants will have an opportunity to file in writing any objections to Plaintiffs' proposed notice and consent form.  The court takes Plaintiffs' Motion for Notice to Potential Plaintiffs **UNDER ADVISEMENT** and will make a ruling after reviewing Defendants' written objections, if any, to the proposed notice and consent form.

**I.      Background**

Plaintiffs were all formerly employed as a "Driver" or "Slinger" by Ray's, a trash removal service.  Plaintiffs allege that Ray's has a policy of deducting a twenty minute lunch break from the time and pay of all Drivers and Slingers each shift, regardless of whether the individual employees actually take a twenty minute break.  Plaintiffs further allege that the work demands of Drivers and Slingers do not allow for a twenty minute break, and that those employees must eat lunch while working.  Accordingly, Plaintiffs assert that they, and those similarly situated to them, were not paid all wages (including overtime) earned by them as required by law.  Plaintiffs seek conditional certification of all current and former Drivers and Slingers employed by Ray's during the past three years.

**II.     Motion for Conditional Certification**

Pursuant to the FLSA, one or more employees may bring an action for overtime compensation "on behalf of himself or themselves and any other employees similarly situated." 29 U.S.C. § 216(b). A collective action of this nature differs significantly from a Rule 23 class action in that class members must affirmatively *opt-in* to a collective action to be bound, whereas class members must *opt-out* of a Rule 23 class action. *Carter v. Indianapolis Power & Light Co.*, 2003 WL 23142183, at *2 (S.D. Ind. Dec. 23, 2003). Although, as Defendants point out, courts are split concerning the best method to determine whether a FLSA class should be certified, district courts within the Seventh Circuit, including the Southern District of Indiana, have generally adopted the more lenient, two-step approach. *Id.* at *2-3; *see also Russell v. Illinois Bell Tel. Co.*, 2008 WL 4191763, at *2 (N.D. Ill. Sept. 15, 2008); *Adair v. Wisconsin Bell, Inc.*, 2008 WL 4224360, at *3 (E.D. Wis. Sept. 11, 2008); *Fravel v. County of Lake*, 2008 WL 2704744, at *2 (N.D. Ind. July 7, 2008); *Cheesman v. Nexstar Broad. Group, Inc.*, 2008 WL 2225617, at 2 (S.D. Ind. May 27, 2008); *Mares v. Caesars Entm't, Inc.*, 2007 WL 118877 at *2-3 (S.D. Ind. Jan. 10, 2007).

Under the two-step approach, Plaintiffs must first demonstrate a reasonable basis for believing that they are similarly situated to potential class members. *Mares*, 2007 WL 118877, at *3 (*quoting Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)). This is known as the "notice stage" and involves "an analysis of the pleadings and affidavits which have been submitted to determine whether notice should be given to

potential class members." *Carter*, 2003 WL 23142183, at *3. The second step generally occurs after discovery has largely been completed. In this stage, the court has "the opportunity to determine whether the class should be decertified or restricted because putative class members are not in fact similarly situated as required by the statute." *Id.*

The instant action is at the notice stage. Defendants, citing several courts outside of the Seventh Circuit, argue that the court cannot grant conditionally certification unless Plaintiffs establish that: (1) there are other employees who desire to opt-in, (2) these putative opt-ins are similarly situated to Plaintiffs with respect to the claims regarding their job requirements and pay provisions, and (3) collective treatment facilitates the court's ability to resolve efficiently multiple claims in one proceeding. However, in the initial notice stage, Plaintiffs do not have the burden of proving their entire case. *Champneys v. Ferguson Enter., Inc.*, 2003 WL 1562219, at *6 (S.D. Ind. March 11, 2003). Rather, Plaintiffs must merely make a threshold showing that they are similarly situated to the employees on whose behalf Plaintiffs seek to pursue their claim. *Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454, at *1 (S.D. Ind. June 29, 2005). The court is not required to make a "final determination" that the similarly situated requirement has been met before granting conditional certification. *Carter*, 2003 WL 23142183, at *3 (citations omitted).

In the instant case, Plaintiffs have submitted signed and sworn affidavits alleging that Ray's has a policy and practice of deducting a twenty minute break from the time and pay of all Drivers and Slingers for each shift, regardless of whether a break is taken.

4

Plaintiffs further state that they know that this policy is applied uniformly to all Drivers and Slingers because they have discussed the policy with several of their coworkers. Plaintiffs have also alleged that a weekly newsletter published by Matthews has, on at least one occasion, reminded Drivers and Slingers to bring their lunches from home because they did not have time to stop to eat while on their routes, supporting Plaintiffs' allegation that they were not paid for their "lunch breaks" even though they were still engaging in work during those times. Accordingly, the court finds that Plaintiffs have met their burden of making a threshold showing that they are similarly situated to the employees on whose behalf they are seeking to pursue this claim.

As Plaintiffs have met their burden under the "notice stage," the court grants their motion for motion for conditional certification. The collective action class will include all current and former Drivers and Slingers employed by Ray's from three years prior to the date of this Entry to the present.

### III.    Motion for Oral Argument

Defendants have requested that the court hear oral argument before ruling on Plaintiffs' motion for conditional certification. In their reply in support of their motion for oral argument, Defendants seem primarily concerned with the court hearing evidence of the "ulterior motives" of Plaintiffs and their attorneys in bringing this lawsuit. This is not relevant to the court's determination of whether Plaintiffs have met their burden of making a threshold showing that they are similarly situated to the employees on whose behalf they are seeking to pursue this claim.

Defendants also indicate that they wish to argue policy reasons why the court should abandon the two-step approach and adopt a more stringent standard used in some courts outside of the Seventh Circuit. While the Court of Appeals of the Seventh Circuit has not addressed class certification of FLSA claims, this court, along with numerous other district courts in the Seventh Circuit, have consistently used the two-step approach when determining whether a FLSA class should be certified. The court sees no reason to abandon the current method.

The court finds that the parties' briefs are more than sufficient for the court to determine whether Plaintiffs can make a threshold showing that they are similarly situated to the other employees on whose behalf they wish to bring this claim. The issues that Defendants wish to raise in oral argument are not relevant to this inquiry and would not be helpful to the court in making its determination. Accordingly, Defendant's request for oral argument is denied.

**IV.     Proposed Notice and Request for Information**

Plaintiffs have filed a proposed notice and consent form and request the court's approval and permission to send these items to members of the certified class. Plaintiffs have also requested that Defendants be required to disclose the names, home addresses, home telephone numbers, social security numbers, and dates of birth of the potential members. Defendants did not address these issues in their response to Plaintiffs' motion, instead indicating that they believe these matters should be addressed separately with the court.

The court will allow Defendants an opportunity to voice any objections they might have to Plaintiffs' proposed notice and consent form. This must be done in writing, within ten days from the date of this Entry. However, as the court has granted certification, and therefore notices will be sent out, the court sees no reason to delay ordering Defendants to disclose the necessary contact information of the prospective members. The Defendants have thirty days from the date of this Entry to disclose (in usable electronic form) the names, home addresses, and home phone numbers of all potential members. The court finds that disclosure of the prospective members' social security numbers and dates of birth is not necessary for Plaintiffs' purposes.

### V.     Conclusion

For the reasons set forth above, Plaintiffs' Motion for Conditional Certification (Docket # 29) is **GRANTED**. Plaintiffs' Motion for Notice to Potential Plaintiffs (Docket # 29) is **UNDER ADVISEMENT**. Defendants have **10 DAYS** from the date of this Entry to file any objections to Plaintiffs' proposed notice and consent form. Plaintiffs' request for disclosure (Docket # 29) is **GRANTED IN PART**. Defendants' Motion for Oral Argument (Docket # 37) is **DENIED**.

**SO ORDERED** this 29th day of October 2008.

```
                                    _____
                                    RICHARD L. YOUNG, JUDGE
                                    United States District Court
                                    Southern District of Indiana
```

Electronic Copies To:

Kim F. Ebert
kim.ebert@ogletreedeakins.com

Steven F. Pockrass
steven.pockrass@ogletreedeakins.com

Phillip J. Gibbons, Jr.
Pgibbons@gibbonsjones.com

Elizabeth A. Joseph
ejoseph@gibbonsjones.com