UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH L. CRAFT, DANIEL J. SMITH, RANDY L. HOWARD, KEVIN J. HOWARD, and JEREMY L. CHAMBERS, on behalf of themselves and on Behalf of all other employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RAY'S, LLC and DONALD MATTHEWS,<br><br>Defendants. | Case No. 1:08-CV-0627 RLY-JMS |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND DEFENDANTS' REQUEST THAT IDENTIFYING INFORMATION BE PROVIDED TO A NEUTRAL THIRD-PARTY, RATHER THAN TO PLAINTIFFS' COUNSEL**

Defendants, Ray's, LLC ("Ray's") and Donald Matthews ("Matthews") (collectively "Defendants"), by counsel and pursuant to the Court's Entry dated October 29, 2008 (Doc. 48), respectfully file the following Objections to Plaintiffs' proposed Notice and Consent form. In concert with these Objections, Defendants request that they be allowed to produce the identifying information regarding potential plaintiffs to a neutral third party consultant, rather than to Plaintiffs' counsel, so that the consultant can issue the court-approved Notice and Consent to potential plaintiffs. In support thereof, Defendants state as follows:

1. In its Entry, the Court directed Defendants to provide the names, home addresses, and home phone numbers of all Drivers and Slingers employed by Ray's, LLC, from October 29, 2005, to present, to Plaintiffs' counsel for purposes of providing prospective plaintiffs with

notice of the above-captioned action.  Defendants have contacted a neutral third-party consultant, Rust Consulting, which has extensive experience issuing notices and administering settlements in class and collective action cases, including FLSA cases.  *See* http://www.rustconsulting.com/Practices_Employment.html.  As an alternative to providing the above information to Plaintiffs' counsel, Defendants request that they be allowed to provide the information directed by the Court to Rust Consulting so that Rust Consulting can issue the Court-approved Notice and Consent forms to prospective plaintiffs and report back to the Court.  Defendants believe that making use of a third-party is the more appropriate means of issuing the notices, as it allows prospective plaintiffs to make an independent and objective decision as to whether they want to participate in the lawsuit, without being pressured, harassed or repeatedly solicited by Plaintiffs' counsel.   Defendants agree to pay the cost of using Rust Consulting to issue the Notice and Consent forms.

2. Defendants object to the references to "Class Action" and "Collective Action" contained in the case caption on the proposed Notice and Consent forms.  While such wording may be appropriate and necessary under the local rules with respect to the caption for certain materials filed with the Court, it is misleading to laypersons.  This case has not been certified as a class action, and it only has been conditionally certified as a collective action.[1]

3. The Notice is being sent to "potential party plaintiffs," as opposed to "party plaintiffs," and Defendants request the heading on the Notice be revised to reflect this.  In the

---

[1] At the time that Plaintiffs moved for conditional certification, Jeremy L. Chambers was not a named Plaintiff.  He now is a named Plaintiff, so the caption on the Notice (and the Consent form, as well as any references to the "Named Plaintiffs") will need to be changed to reference Chambers.  Defendants do not see a need to reference the Amended Complaint in the case caption, and therefore request that such reference be deleted.  Regardless, Plaintiffs have since filed a Second Amended Complaint.

2

"Re" line on the Notice, the use of the phrase "Unpaid Overtime" is misleading. Defendants request that the word "Unpaid" be deleted or that the word "Allegedly" be inserted prior to "Unpaid."[2]

4.   Defendants object to numbered section 2 (titled "Description of the Lawsuit") of the proposed Notice because it is not neutral. It is unduly prejudicial to Defendants in the manner in which it solicits prospective plaintiffs. Defendants request that it be replaced with the following:

> A lawsuit has been brought by Joseph L. Craft, Daniel J. Smith, Randy L. Howard, Kevin J. Howard and Jeremy L. Chambers ("Plaintiffs"). Plaintiffs claim that Defendants knowingly allowed and forced them and other similarly situated Drivers and Slingers to work through their 20-minute unpaid lunch breaks while employed by Ray's, LLC. Plaintiffs allege that they are entitled to overtime compensation and liquidated damages for these unpaid lunches under the Fair Labor Standards Act with respect to weeks in which they worked more than 40 hours. They also allege that they are entitled to reasonable attorney fees and costs.
>
> Defendants deny Plaintiffs' allegations. Defendants deny any wrongdoing, and they have filed a Motion to Dismiss or Alternatively, for Summary Judgment, with the Court.
>
> The Court has not made any determination at this time as to the merits of the case.

5.   Defendants object to numbered section 3 (titled "Composition of the Class") of the proposed Notice. It is redundant and unnecessary, and Defendants request that it be deleted.

6.   Defendants object to numbered section 4 (titled "How to Participate in this Suit") of the proposed Notice. Like section 2, it is not neutral. Defendants request that section 4 be revised as follows:

> Enclosed you will find a form entitled "Consent to Become a Party Plaintiff" ("Consent Form"). If you were employed by Ray's, LLC, as a Driver or

---

[2] In the "To" line, the blank space should be replaced with the date of October 29, 2005, based on the Court's Entry.

Slinger on or after October 29, 2005, and you desire to join this lawsuit, then you must read, sign and return the Consent Form to Plaintiff's counsel by mail or by facsimile **so that it is received by Plaintiff's counsel no later than** [TO BE INSERTED – 60 DAYS AFTER THE DATE OF THIS NOTICE].  The Consent Form must be sent to Plaintiffs' counsel at the following address:

Gibbons Jones, P.C.
10401 N. Meridian Street, Suite 300
Indianapolis, Indiana 46290
Facsimile: 317-616-3336

If your signed consent form is not received by _____ [REPEAT SAME DATE LISTED ABOVE], then you will not be eligible to participate in this claim for alleged overtime under the FLSA.  This means that you bear the risk of any non-delivery or delay of delivery of the Consent Form.

If you file a Consent Form, you are not guaranteed any recovery under the FLSA.  Also, your continued right to participate in this suit may depend upon a later decision by the District Court that you and others are similarly situated in accordance with the FLSA.

7. The phrase "will share in" in the first paragraph of numbered section 5 of the proposed Notice implies that if a settlement is reached, then an individual automatically will qualify for a portion of a settlement merely by opting in.  Defendants request that this language be changed to "may share in."  The third paragraph of numbered section 5 also incorrectly indicates that an individual who joins the lawsuit cannot be charged costs or fees if there is no recovery.  Although Plaintiffs' counsel's contingent fee agreement may include such language with respect to Plaintiffs' counsel's costs and fees, the language in numbered section 5 needs to be clarified and corrected.  Defendants request that the words "by Plaintiffs' counsel" be added to the end of the first sentence of the third paragraph.  Defendants also request that a new second sentence be added to this paragraph stating:  "However, this does not preclude the recovery of any damages, costs or attorney fees from you by Defendants."

8. Defendants object to numbered section 6 (titled "No Retaliation Permitted") of the proposed Notice because it is prejudicial and inflammatory.  It implies that Ray's intends to

4

retaliate, and it is a solicitation by Plaintiffs' counsel. Defendants request that numbered section 6 be replaced with the following:

> It is a violation of federal law for Ray's to discharge you in retaliation for your participating in this lawsuit or take any other adverse employment action against you because you have exercised your legal right to join this lawsuit.

9. Defendants object to the wording of numbered section 7 of the proposed Notice, particularly since Plaintiffs are attempting to pursue this action as a hybrid FLSA/state law case. Defendants request that section 7 be retitled as "Legal Effect of Not Joining This Lawsuit." Defendants also request that the first sentence of section 7 be revised to read as follows: "If you choose not to joint this lawsuit, you will not be affected by any judgment or settlement rendered in this case with respect to the FLSA claims, whether favorable or unfavorable to the class."

10. Defendants object to numbered section 8 of the proposed Notice because it is confusing. It would be easier to understand if the second sentence were divided into two sentences, and Defendants request that the last sentence state: "The claims of any person who joins this lawsuit may be subject to dismissal if the Court finds the claims lack merit or that this lawsuit cannot be litigated on a classwide basis."

11. Defendants object to the wording of the second numbered section 8 (titled "Further Information") and to the implicit request by Plaintiffs' counsel through the inclusion of signature lines that this notice should be jointly signed by counsel for Plaintiffs and Defendants. Rather, Defendants request that the notice not include a signature line, and that the existing second numbered section 8 be replaced as follows:

**8. Your Legal Representation if You Join**

If you join this lawsuit by submitting your consent form to Plaintiffs' counsel by the deadline identified previously, you will be represented by Plaintiffs' Counsel:

Phillip J. Gibbons, Jr. (pgibbons@gibbonsjones.com

5

Andrew Jones (ajones@gibbonsjones.com)
Gibbons Jones, P.C.
10401 N. Meridian Street, Suite 300
Indianapolis, IN 46290
Telephone: 317-706-1100
Toll Free: 866-706-1100

**9. Defendants' Legal Representation**

Defendants are represented in this lawsuit by:

Kim F. Ebert (kim.ebert@ogletreedeakins.com)
Steven F. Pockrass (steven.pockrass@ogletreedeakins.com)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317-916-1300

**10.    Further Information**

If you have questions regarding this notice, you may contact Plaintiffs' counsel at the address, phone or e-mail address listed above. Other than to review the filings that have been made in this case, please do not contact the Court or the Clerk of the Court directly.

12.    Defendants object to the wording of the proposed Consent form. For the reasons stated above, Defendants request that the "Class Action" and "Collective Action" and "Amended Complaint" references be stricken from the proposed Consent form.

13.    With respect to the proposed Consent form, Defendants also request that the first paragraph be revised to delete the reference to Donald Matthews. Although Matthews may be a proper Defendant under the FLSA because of the wording of that statute, the Named Plaintiffs were employees of Ray's, LLC, and were not the employees of Matthews.

14.    Defendants object to the first sentence of the second paragraph of the proposed Consent for the reasons previously stated, and request that it be revised to read as follows:

> By signing and filing this consent to join this lawsuit, I represent that I worked overtime for Ray's, that Ray's deducted a twenty (20) minute lunch from my time and pay for each shift I worked, and that Ray's knowingly allowed and forced me

to work through my unpaid 20 minute lunch breaks. I understand that I designate…[3]

15. Defendants object to the third paragraph of the proposed Consent form because it is misleading with respect to the responsibilities of Named Plaintiffs and their potential exposure. While Defendants are unaware of the terms of Plaintiffs' counsel's contingency agreement and therefore cannot state whether Plaintiffs' description of that agreement is accurate, Defendants do request that the phrase "the law firm's" be changed to "my law firm's" in the next to last sentence of the third paragraph. Defendants also request that the following phrase be added after the word "costs" in the next to last sentence "but that this does not preclude the recovery of any damages, costs or attorneys' fees from me by Ray's or Donald Matthews."

16. Defendants object to the fourth paragraph of the proposed Consent because Plaintiffs cannot "appoint" other individuals to be Named Plaintiffs, but instead must seek leave of Court. Therefore, Defendants request that the phrase "may in the future appoint" be changed to "may in the future attempt to seek leave of Court to add."

17. Defendants object to the fifth paragraph of the proposed consent because it does not include any reference to the individual's responsibilities as a party plaintiff. Defendants respectfully request that a new sentence be added to the beginning of the fifth paragraph, which states: "I understand that by consenting to join this lawsuit, I may be required to respond to interrogatories and requests for production of documents, and that I may be deposed." Defendants also request that, for the reasons stated above, the phrase "will share in" be changed to "may share in."

18. Defendants object to the sixth paragraph of the proposed consent for the reasons

---

[3] The remainder of this paragraph would remain the same, with the previously noted exception that Jeremy L. Chambers would need to be referenced as a Named Plaintiff.

stated previously. In addition, that paragraph is unnecessary, as the only individuals who are signing the consent are those who are consenting to join the suit, not those who are not consenting to join. Thus, Defendants request that this paragraph be stricken.[4]

19. Defendants do not object to the information page that Plaintiffs' counsel wants to include with the Consent form.

20. For ease of reference, Defendants' proposed Notice and proposed Consent form incorporating the changes requested in these objections are attached hereto as Exhibits A and B.[5]

WHEREFORE, Defendants respectfully request that the Court grant their objections to Plaintiffs' proposed Notice and Consent form, that the Court authorize a Notice and Consent form consistent with these objections, and that the Court allow Defendants to produce the requested information regarding potential plaintiffs to a neutral third-party, rather than to Plaintiffs' counsel, so that the neutral third-party can issue the Notices and Consent forms to potential plaintiffs.

---

[4] If not stricken, Defendants request that the paragraph be revised to state: "I acknowledge and understand that the Court has not made any determinations as to the merits of this lawsuit. I understand if I join this lawsuit, my claims may be subject to dismissal if the Court finds the claims lack merit or that this lawsuit cannot be litigated on a classwide basis after joining this lawsuit. I understand that if I do not to join this lawsuit, I will not be affected by any judgment or settlement rendered in this case with respect to the FLSA claims, whether favorable or unfavorable."

[5] Exhibits A and B also include some other minor changes in wording, such as changing the word "Suit" to "Lawsuit" in certain places and referencing Defendants collectively as "Defendants." For ease of reference, Exhibit B includes the alternative language that Defendants propose with respect to the sixth paragraph of the Consent form, in the event the existing sixth paragraph is not stricken.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC

s/ Steven F. Pockrass
Kim F. Ebert, Atty. No. 6649-49
Steven F. Pockrass, Atty. No. 18836-49
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
Phone:  317-916-1300
Fax:     317-916-9076
Email:  kim.ebert@ogletreedeakins.com
            steven.pockrass@ogletreedeakins.com

Counsel for Defendants

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of Court's electronic filing system. Parties may access this filing through the Court's system.

Philip J. Gibbons, Jr.
pgibbons@gibbonsjones.com
Andrew G. Jones
ajones@gibbonsjones.com
Gibbons Jones, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290


                                                  s/ Steven F. Pockrass

6800781.1 (OGLETREE)