UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH L. CRAFT, DANIEL J. SMITH, RANDY L. HOWARD, KEVIN J. HOWARD, and JEREMY L. CHAMBERS, on behalf of themselves and on behalf of all other employees similarly situated,<br>            Plaintiffs, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| vs. | ) | 1:08:cv-00627-RLY-JMS |
| RAY'S, LLC and DONALD MATTHEWS,<br>            Defendant. | )<br>)<br>) | |

**ENTRY ON DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND DEFENDANTS' REQUEST THAT IDENTIFYING INFORMATION BE PROVIDED TO A NEUTRAL THIRD-PARTY**

Plaintiffs, Joseph L. Craft, Daniel J. Smith, Randy L. Howard, Kevin J. Howard, and Jeremy L. Chambers (collectively, "Plaintiffs"), filed the instant lawsuit against Ray's, LLC ("Ray's") and Donald Matthews ("Matthews") (collectively, "Defendants") for alleged overtime violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Indiana law.  In its entry dated October 29, 2008, the court granted Plaintiffs' motion for conditional certification under the FLSA and ordered Defendants to disclose the contact information of the prospective members.  At that time, the court also took Plaintiffs' motion for approval of their proposed notice and consent form under advisement, allowing Defendants additional time to file any objections.

The court, having read and reviewed the parties' submissions and the applicable

1

law, now **GRANTS IN PART** Plaintiffs' Motion for Notice to Potential Plaintiffs and **SUSTAINS IN PART** Defendants' Objections to Plaintiffs' Proposed Notice. Defendants' request that identifying information be provided to a neutral third-party is **DENIED**.

## I.     Notice to Potential Plaintiffs

Plaintiffs have filed a Notice to Potential Plaintiffs ("Notice") (Docket # 30-8) which contains 8 headings.  Defendants lodge a number of objections under these various headings, many of which Plaintiffs' do not oppose.  The court has read and reviewed the Notice and the objections made by Defendants and now rules as follows:

(1)    With respect to the case caption, Jeremy L. Chambers shall be listed as a Plaintiff and the terms "Amended Complaint Class Action" and "Collective Action" shall be deleted.

(2)    With respect to the heading, the notice shall be entitled "Notice to Potential Party Plaintiffs," the date October 29, 2005 shall replace the blank space in the "TO" line, and the word "Allegedly" shall be inserted prior to "Unpaid" in the "RE" line.

(3)    With respect to Section 2, entitled "Description of the Lawsuit," that section shall read:

> A lawsuit has been brought by Joseph L. Craft, Daniel J. Smith, Randy L. Howard, Kevin J. Howard, and Jeremy L. Chambers ("Plaintiffs") against Ray's seeking to recover alleged unpaid overtime wages.  The lawsuit contends that Ray's maintained a practice and policy of unlawfully deducting a twenty (20) minute

lunch break from the time of Drivers and Slingers for every shift worked. The lawsuit asserts that this practice and policy violates the federal Fair Labor Standards Act and unlawfully denies Drivers and Slingers payment of all overtime earned with respect to weeks in which they worked more than forty (40) hours. The lawsuit seeks to recover unpaid overtime compensation (liquidated damages), plus payment of reasonable attorney fees and costs.

The Defendants deny Plaintiffs' allegations and deny any wrongdoing.

The lawsuit is pending in the United States District Court for the Southern District of Indiana before Judge Richard L. Young in a case styled: *Joseph L. Craft, Daniel J. Smith, Randy L. Howard, Kevin J. Howard, and Jeremy L. Chambers v. Ray's LLC, et al., Cause No. 1:08-cv-0627-RLY-JMS*.

(4)   Section 3, entitled "Composition of the Class," is redundant and therefore stricken.

(5)   With respect to Section 4, entitled "How to Participate in this Suit," that section shall read:

> Enclosed you will find a form entitled "Consent to Become a Party Plaintiff" ("Consent Form"). If you were employed by Ray's, LLC as a Driver or Slinger on or after October 29, 2005, and you desire to join this lawsuit, **it is extremely important that you read, sign, and return the Consent Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent Form should be sent to:
>
> Gibbons Jones, P.C.
> 10401 N. Meridian St., Suite 300
> Indianapolis, Indiana 46290
> Facsimile: 317-616-3336
>
> The signed Consent Form must be postmarked by [TO BE INSERTED–60 DAYS AFTER THE DATE OF THIS LETTER].

>**If your signed Consent Form is not postmarked by [TO BE INSERTED–SAME DATE AS ABOVE], you will not participate in any recovery against Ray's in this lawsuit**. If you have any questions about filling out or sending in the Consent Form, please contact Plaintiffs' counsel listed above.

(6)  With respect to Section 5, entitled "Effect of Joining this Suit," the phrase "will share in" found in the first paragraph shall be revised to state "may share in." The following sentence shall be added to the third paragraph as the second sentence: "This does not, however, preclude the recovery of costs from you by Defendants."

(7)  With respect to Section 6, entitled "No Retaliation Permitted," that section shall read:

> It is a violation of federal law for Ray's to discharge you in retaliation for your participating in this lawsuit or take any other adverse employment action against you because you have exercised your legal right to join this lawsuit.

(8)  With respect to Section 7, entitled "No Legal Effect in Not Joining this Suit," the section shall be renamed "Legal Effect of Not Joining this Lawsuit" and the first sentence shall be revised to read as follows: "If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case with respect to the FLSA claims, whether favorable or unfavorable to the class."

(9)  With respect to Section 8, entitled "No Opinion Expressed as to the Merits of the Lawsuit," that section shall read:

> This notice is being provided for the sole purpose of determining the identity of persons who may be entitled to and wish to participate in this lawsuit. Although the court has authorized Plaintiffs' counsel to send this notice, the court expresses no opinion regarding the merits of Plaintiffs' claims. The claims of any person who joins this lawsuit may be subject to dismissal if the court finds the claims lack merit or that this lawsuit cannot be litigated on a class-wide basis.

(10) With respect to Section 8 [sic], entitled "Further Information," the following sentence shall be added: "Other than to review the filings that have been made in this case, please do not contact the court or the clerk of the court directly."

(11) A section entitled "Your Legal Representation if You Join" and a section entitled "Defendants' Legal Representation" shall be inserted and should list contact information for both parties' counsel.

(12) With respect to the signature line at the conclusion of the notice, the reference to defense counsel shall be deleted.

## II.   Consent Form

Plaintiffs have filed a proposed Consent to Become a Party Plaintiff ("Consent Form") (Docket # 30-9). Defendants lodge a number of objections to the various paragraphs, many of which Plaintiffs' do not oppose. The court has read and reviewed the Consent Form and the objections made by Defendants and now rules as follows:

(1) With respect to the case caption, Jeremy L. Chambers shall be listed as a Plaintiff and the terms "Amended Complaint Class Action" and "Collective

5

        Action" shall be deleted.

(2)    With respect to paragraph one, references to Donald Matthews shall be deleted.

(3)    With respect to paragraph two, Jeremy L. Chambers shall be added as a "Named Plaintiff."  No other changes shall be made.

(4)    With respect to paragraph three, the phrase "the law firm's" shall be replaced with the phrase "my law firm's."  The following shall be added to the next to last sentence: "but this does not preclude a recovery of costs by Defendants."

(5)    With respect to paragraph four, the phrase "may in the future appoint" shall be replaced with the phrase "may in the future attempt to seek leave of the court to add."

(6)    With respect to paragraph five, the phrase "will share in" shall be replaced with the phrase "may share in."  No other changes shall be made.

(7)    Paragraph six is unnecessary and therefore stricken.

## III.    Request to Disclose to a Neutral Third-Party

In its entry dated October 29, 2008, the court ordered Defendants to disclose the names, home addresses, and home phone numbers of all potential party plaintiffs within thirty days.  Defendants now request that they be permitted to provide that information to Rust Consulting, a third-party consultant, who would then send out the Notice and Consent Form and report back to the court.  Defendants argue that making use of a

neutral third-party would allow prospective party plaintiffs to make an independent and objective decision, free from pressure, harassment, and repeated solicitations by Plaintiffs' counsel.

Defendants offer no evidence to suggest that Plaintiffs' counsel will pressure, harass, or repeatedly solicit the potential party plaintiffs. Plaintiffs have requested permission to send out the court approved Notice and Consent Form, as well as permission to send a second copy to all individuals who have not responded within thirty days of the first mailing or who may have not received the first mailing due to a change in address. The court finds Plaintiffs' requests to be reasonable and, therefore, sees no reason to involve a third party. Defendants shall disclose the contact information for the potential party plaintiffs as ordered in the court's prior entry.

**IV.    Conclusion**

Plaintiffs' Motion for Notice to Potential Plaintiffs (Docket # 29) is **GRANTED IN PART** and Defendants' Objections to Plaintiffs' Proposed Notice (Docket # 50) are **SUSTAINED IN PART**. The Notice and Consent Form sent to potential party plaintiffs

shall conform with the requirements set forth in this entry.  Defendants' Request that Identifying Information Be Provided to a Neutral Third Party (Docket # 50) is **DENIED**.

**SO ORDERED** this 31st day of December 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Kim F. Ebert
kim.ebert@ogletreedeakins.com

Steven F. Pockrass
steven.pockrass@ogletreedeakins.com

Phillip J. Gibbons, Jr.
Pgibbons@gibbonsjones.com

Elizabeth A. Joseph
ejoseph@gibbonsjones.com