UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH L. CRAFT, DANIEL J. SMITH, )
RANDY L. HOWARD, KEVIN J. )
HOWARD, and JEREMY L. CHAMBERS, )
on behalf of themselves and on behalf of all )
other employees similarly situated, )
        Plaintiffs, )
         )
vs. )    1:08-cv-627-RLY-JMS
         )
RAY'S, LLC and DONALD MATTHEWS, )
        Defendants. )

**ENTRY ON PLAINTIFFS' MOTION TO ALTER JUDGMENT**

On September 29, 2009, the court granted Defendants' motion for summary judgment on Plaintiffs' federal and state law claims and entered final judgment in Defendants' favor. Three of the Plaintiffs, Randy L. Howard, Kevin J. Howard, and Jeremy L. Chambers, now move the court to reconsider its decision as to their state law claims and alter the judgment entered against them. For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

**I.    Background**

Plaintiffs were all formerly employed by Defendants as either a driver or a driver's assistant (known as a "slinger"). Plaintiffs bring the instant lawsuit alleging that Defendants have a policy of deducting a twenty minute lunch break from the time and pay of all drivers and slingers each shift, regardless of whether the individual employees

1

actually take a twenty minute break, in violation of long-standing Department of Labor guidelines requiring break periods of twenty minutes or less to be counted as compensable time. Accordingly, Plaintiffs claim that they were not paid all wages earned by them, as required by Indiana Code § 22-2-5 *et seq.* (the "Indiana Wage Payment Statute," hereinafter the "IWPS").

Each week during their employment, Plaintiffs signed time cards, which were used to calculate their pay. Daily totals, based on clock-in and clock-out times, minus twenty minutes for lunch, are shown on the time cards. The designation of gross number of hours worked per day reflects the twenty minute deduction, and Plaintiffs were paid in accordance with what was shown on the time cards. During their employment, Plaintiffs never requested payment for the twenty minutes deducted from their time and pay each shift.

## II.   Standard for Motion to Alter Judgment

Federal Rule of Civil Procedure 59(e) "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion must do more than merely reargue the merits of the case. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). Rather, the moving party must "clearly establish a manifest error of law or an intervening change in the controlling law or present

newly discovered evidence." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

## III. Discussion

### A. Manifest Error of Law

The IWPS provides that Indiana employers "shall pay each employee at least semimonthly or biweekly, *if requested*, the amount due to the employee." IND. CODE § 22-2-5-1(a) (emphasis added). Such payment "shall be made for all wages earned to a date not more that ten (10) business days prior to the date of payment." *Id.* § 22-2-5-1(b). Based on the phrase "if requested" found in subsection (1)(a), the court held in its September 29, 2009 Entry that Defendants were entitled to summary judgment as a matter of law on Plaintiffs' IWPS claims because Plaintiffs failed to request payment for the twenty minutes deducted from their time and pay each shift. Plaintiffs contend that this was a manifest error of law and direct the court's attention to *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058 (Ind. 2007).

In *Naugle*, the plaintiffs alleged that the defendant violated the IWPS by failing to pay them their wages within ten days of the date wages were earned, as required by subsection (1)(b). *Id.* at 1061. The defendants argued that the plaintiffs had no claim under the IWPS because subsection (1)(b) contains an implicit requirement that employees request the receipt of wages before the penalty provision of Indiana Code § 22-2-5-2 is triggered and the plaintiffs failed to make such a request. *Id.* at 1066. The defendants further argued that not requiring employees to request a wage payment would

3

impinge on the parties' constitutional right to contract. *Id.*

The defendant's argument was rejected by the Indiana Supreme Court. An early version of the IWPS, which imposed a penalty on employers who did not pay employees semi-monthly, was held unconstitutional because it deprived employers and employees of their right to contract for payment at other times or at longer intervals. *Id.* (citing *Superior Laundry Co. v. Rose*, 137 N.E. 761 (1923)). The Court explained that the current version of the IWPS comports with constitutional requirements because the phrase "if requested," found in subsection (1)(a), leaves employers and employees free to bargain for pay periods of various lengths. *Id.* As there was a specific reason for including the phrase "if requested" in subsection (1)(a), and as there is no such reference in subsection (1)(b), the Court found that the legislature intended for the "request" requirement to apply only to subsection (1)(a). *Id.* The Court held that because subsection(1)(b) exists "to ensure that employees receive their pay in a timely fashion and to provide employers adequate time after the agreed upon pay periods to calculate wages . . . the lack of a demand or request provision in [subsection (1)(b)] does not significantly impair the parties' right to contract, and constitutional concerns are satisfied." *Id.* at 1066-67.

Plaintiffs argue that they were not required to request payment for the twenty minutes at dispute because, like the plaintiffs in *Naugle*, they bring their claims under subsection (1)(b). Plaintiffs' claims under the IWPS are difficult to analyze because the dispute concerns the amount of wages paid, rather than the frequency or the time of

4

payment. Although the Indiana Supreme Court has expressly held that the IWPS governs the amount an employer must pay its employees, *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 703 (Ind. 2002), the Court has not specified whether an employer's obligation to pay the full amount of wages is found in subsection (1)(a) or (1)(b). In fact, in reaching its holding that the IWPS governs the amount an employer must pay its employees, the Court relied on language found in both subsections. *Id.* (citing the phrase "all wages earned" in subsection (1)(b) and the phrase "amount due" in subsection (1)(a)).

In any event, the court finds that requiring Plaintiffs to make a request for payment in order to bring a claim under the IWPS was a manifest error of law. In light of *Naugle*, the court believes that the phrase "if requested" was included in the current IWPS to allow employers and employees the freedom to contract for various pay periods, not to impose a hurdle employees must overcome before they can receive the wages earned during the agreed upon pay period. Accordingly, Plaintiffs failure to request payment for the twenty minutes deducted from their time and pay each shift does not bar them from seeking relief under the IWPS.

### B.    Federal Preemption

In their motion for summary judgment, Defendants argued that Plaintiffs' claims under the IWPS are preempted by the FLSA. The court did not address this argument because it found that Defendants were entitled to summary judgment on other grounds.

5

As the court now finds that its previous ruling was erroneous, it must consider whether Defendants are nevertheless entitled to summary judgment on the grounds that the FLSA preempts Plaintiffs' state law claims.

The Supremacy Clause states that the laws of the United States made pursuant to the Constitution are the "supreme Law of the Land." U.S. Const., Art. VI, cl. 2. "Preemption fundamentally is a question of congressional intent." *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990) (citing *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299 (1988). The United States Supreme Court has identified three circumstances in which state law is preempted by federal law: (1) when Congress expressly forbids state regulation (express preemption); (2) when Congress creates a scheme of federal regulation so pervasive that the only reasonable inference is that it meant to displace the states (field preemption); and (3) when a law enacted by Congress directly conflicts with state law (conflict preemption). *Id.*

In the instant case, express preemption is not applicable because Congress did not specifically prohibit state regulation with regard to labor standards. Field preemption is also inapplicable because the FLSA contains a savings clause that allows states to enact their own laws in this area. 29 U.S.C. § 213(g). Accordingly, the court uses a conflict preemption analysis to determine whether the FLSA preempts Plaintiffs' claims under the IWPS.

"Conflict preemption exists if it would be impossible for a party to comply with both local and federal requirements or where local law 'stands as an obstacle to the

accomplishment and execution of the full purposes and objectives of Congress.'" *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 696 (7th Cir. 2005) (citations omitted). It is difficult for the court to discern on which theory of conflict preemption Defendants rely, because Defendants provide no preemption analysis in their motion for summary judgment. Rather, they merely cite to *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007), for the proposition that the FLSA provides the exclusive remedies for the enforcement of its own provisions. As the Fourth Circuit's holding in *Anderson* was based on a theory of obstacle preemption, the court assumes Defendants also rely on obstacle preemption.

*Anderson* is not binding authority and the court does not find it persuasive with regard to the instant case. Defendants concede "the only way that not paying someone for all work suffered or permitted violates the FLSA is if the person is covered by the FLSA's minimum wage provisions and the person's wages drop below the minimum wage or if the person is covered by the FLSA's overtime provisions and the person should have received overtime as a result for that work suffered or permitted." (Docket # 40 at 29). In other words, as long as there is no minimum wage or overtime violation, the FLSA provides no remedy to an employee who is not paid for all of his or her work. The court fails to see how the FLSA provides the "exclusive" remedy for all wage payment violations when, under certain circumstances, it provides no remedy at all. In the instant case, a finding that the FLSA preempts Plaintiffs' IWPS claims would leave Plaintiffs with no avenue to seek payment for the wages they allege they are owed. As the FLSA is

intended to promote the "health, efficiency, and general well-being of workers," *see* 29 U.S.C. § 202(a), the court does not believe that allowing Plaintiffs to seek payment for their work stands as an obstacle to that objective. Accordingly, the court finds that the FLSA does not preempt Plaintiffs' claims under the IWPS.

### C. Jurisdiction

In their motion to alter the judgment, Plaintiffs request that the court either relinquish jurisdiction of the state law claims, or permit Plaintiffs to continue to litigate the claims in this forum. As stated in its September 29, 2009 Entry, the court believes that remanding this case to state court at this late date would be a waste of judicial resources. Accordingly, the court elects to retain pendent jurisdiction. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994) (It is appropriate for the court to retain jurisdiction over state law claims when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort.").

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Alter Judgment (Docket # 91) is **GRANTED**, with respect to the IWPS claims brought by Randy L. Howard, Kevin J.

Howard, and Jeremy L. Chambers. The clerk of the court is **ORDERED** to reopen this action for further litigation, consistent with this Entry.

**SO ORDERED** this 13th day of January 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com